IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

ERIC DE'JUAN JONES                                                               PLAINTIFF

v.                                                           CIVIL NO. 1:23-cv-00045-HSO-BWR

LINELL HENDERSON, SR., et al.                                              DEFENDANTS

### ORDER OF DISMISSAL WITHOUT PREJUDICE

This matter is before the Court sua sponte. After considering the record and relevant legal authority, the Court finds that this civil action should be dismissed without prejudice.

### I. BACKGROUND

On February 17, 2023, pro se Plaintiff Eric De'Juan Jones filed this civil action under various federal statutes, but the nature of his claims is unclear. Compl. [1] at 1. He appears to request a name change, to argue that he was forcibly medicated with psychotropic drugs, and to raise vague allegations of a conspiracy to defraud the United States. *Id.* at 1-7; *see also* Mot. [2] at 2. He names as Defendants Linell Henderson, Sr.; Niece Barnes; Sheri Musgrove; and the Inmate Legal Assistance Program at the South Mississippi Correctional Institution. *Id.* at 2-4, 7. Jones sought leave to proceed *in forma pauperis* ("IFP") in this case, Mot. [2], but his application for leave to proceed IFP was incomplete, Order [3].

While conducting its initial screening under the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915A, the Court ordered Jones on February 22, 2023, as follows:

> [O]n or before March 24, 2023, plaintiff shall either pay the required $350.00 (subject to change) filing fee plus a $52.00 (subject to change) administrative fee or file a complete application for leave to proceed *in forma pauperis*, including the section entitled 'Certificate to Be Completed by Authorized Officer' of prison accounts or file an affidavit specifically stating the name of the prison official contacted concerning the Certificate and why this information is not provided to this court.

Order [3] at 1. Jones was warned that "[f]ailure to advise this court of a change of address or failure to comply with any order of this court . . . may result in the dismissal of this case." *Id*. at 2. That Order [3] was mailed to Jones's last-known mailing address, and it was not returned to the Court as undeliverable. Jones did not comply with the Court's Order [3] by the March 24 deadline.

On March 31, 2023, the Court ordered Jones to show cause why this case should not be dismissed for his failure to comply with the Court's Order [3]. Order [4] at 1-2. Jones's responsive deadline was extended to April 14, 2023, and he was again warned "[t]hat failure to advise the Court of a change of address or failure to timely comply with any order of the Court . . . will result in this lawsuit being dismissed without prejudice and without further notice to Plaintiff." *Id*. This Order, with a copy of the Court's February 22 Order, was mailed to Jones at his last-known mailing address, and it was not returned to the Court as undeliverable. Once again, Jones did not comply with the Court's Order [4] by the April 14 deadline.

On April 20, 2023, the Court entered a Second and Final Order to Show Cause, directing Jones to "explain why this case should not be dismissed for failure to comply with the Court's Orders [3] [4]." Order [5] at 2. Jones was directed to file

2

a written response on or before May 4, 2023. *Id*. Jones was also directed, on or before the May 4 deadline, to comply with the Court's February 22 Order [3] "by paying the required filing fee or by filing a complete application for leave to proceed *in forma pauperis*." *Id*. Jones was again warned "[t]hat failure to advise the Court of a change of address or failure to timely comply with any order of the Court . . . *will result* in this lawsuit being dismissed without prejudice and without further notice to Plaintiff." *Id*. at 2-3 (emphasis in original). Jones was cautioned that this was his "final opportunity to comply with the Court's Orders [3] [4]." *Id*. That Order, with copies of the Court's February 22 and March 31 Orders [3], [4], was mailed to Jones at his last-known mailing address, and it was not returned to the Court as undeliverable.

To date, Jones has not responded to the Court's February 22, March 31, or April 20 Orders [3], [4], [5] or otherwise contacted the Court about his case since the day his Complaint was filed.

## II. DISCUSSION

The Court may dismiss an action sua sponte for a plaintiff's failure to prosecute under Federal Rule of Civil Procedure 41(b). *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962); *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988). The Court must be able to clear its calendar "of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief . . . to achieve the orderly and expeditious disposition of cases." *Link*, 370 U.S. at 630-31. Such a "sanction is necessary in order to prevent undue delays in the

3

disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Id.* at 629-30; *see also, e.g., Dunn v. Farrell*, 598 F. App'x 332, 333 (5th Cir. 2015) (affirming sua sponte dismissal of a prisoner's case for failure to comply with court orders); *Rice v. Doe*, 306 F. App'x 144, 146 (5th Cir. 2009) (same).

Jones did not comply with three Court Orders [3], [4], [5], after being warned as many times that failing to do so may lead to the dismissal of his case. *See* Second and Final Order to Show Cause [5] at 2-3; Order to Show Cause [4] at 2; Order [3] at 2. Despite these warnings, Jones has not responded to the Court's Orders or taken any action in this case since the day his Complaint was filed. Given his clear record of delay and contumacious conduct, it is apparent that Jones no longer wishes to pursue this lawsuit. Under these circumstances, dismissal without prejudice is warranted.

### III. CONCLUSION

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, this civil action is **DISMISSED WITHOUT PREJUDICE** for failure to obey the Court's Orders and to prosecute. A separate final judgment will be entered under Federal Rule of Civil Procedure 58.

**SO ORDERED AND ADJUDGED**, this the 15th day of May, 2023.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE

4